UNITED STATES

v.

Joe V. RAMIREZ.

Joe V. RAMIREZ, Petitioner,

v.

UNITED STATES of America, Respondent.

Crim. No. 26999, Civ. No. 589-59.

United States District Court
S. D. California,
Central Division.

Aug. 2, 1960.

Laughlin E. Waters, U. S. Atty., and Robert J. Jensen, Asst. U. S. Atty., Los Angeles, Cal., for petitioner U. S.

Bradford A. Arthur, Los Angeles, Cal., for respondent Ramirez.

HALL, Chief Judge.

This is another Petition under 28 U.S.C. § 2255.

On August 6, 1958, an Indictment in five counts was returned in the above case charging violations of the narcotic laws.

The defendant, with two others, was charged in Count I with conspiracy to

violate 21 U.S.C.A. § 176a; and defendant was charged alone in Count V with the substantive offense of violation of 21 U.S.C.A. § 176a in the transportation and concealment of twelve (12) pounds of marihuana.

On August 11, 1958, defendants appeared for plea. Defendant Ramirez, being without counsel and representing that he was without money or funds to employ counsel, the Court appointed Mr. Gerald Neiter, Esq., to defend him without cost to the defendant. The Court entered "not guilty" pleas on behalf of each defendant, and set the trial of the case as to all defendants for August 26, 1958, at 10:00 A.M. The case was called for trial on that date, the United States Attorney and counsel for each defendant announced they were ready, government witnesses were present, and a jury panel called for that case was in attendance. Thereupon, the defendant Ramirez (and one other defendant) each withdrew his plea of guilty, as evidenced by the following proceedings:

"Los Angeles, California—Tuesday, August 26, 1958, 10:00 AM

"The Clerk: Case No. 26999, United States v. Victor Vasquez Marchian, Joe Velos Ramirez and Jesus Mendoza.

"Mr. Schutz: Victor Marchian is ready, may it please your Honor.

"Mr. Neiter: Joe Ramirez is ready.

"Mr. Fitzgerald: Mendoza is ready.

"The Court: Ready for trial?

"Mr. Judd: Yes, your Honor.

"Mr. Schutz: May it please the court, in behalf of the defendant Marchian, he desires to withdraw his plea of not guilty to Count One of the indictment present before your Honor charging conspiracy for the purpose of entering a plea of guilty thereto.

"The Court: Mr. Marchian, did you hear the statement of Mr. Schutz, your lawyer?

"Defendant Marchian: Yes, sir.

"The Court: Do you understand it?

"Defendant Marchian: Yes, sir.

"The Court: Is that your desire?

"Defendant Marchian: Yes, sir.

"The Court: Ascertain the defendant's plea.

"The Clerk: Do you waive reading of the indictment?

"Mr. Schutz: Waive reading of the indictment.

"The Clerk: What is your plea to Count One of the indictment?

"Defendant Marchian: Guilty.

"The Clerk: Offers a plea of guilty, your Honor.

"The Court: Are you ready for trial as to the others?

"Mr. Fitzgerald: If the court please, I believe the People have a motion to make in that respect.

"Mr. Judd: The Government would like to have this continued as to the defendant Mendoza for purposes, we believe, that there will be a disposition other than trial in this case also, your Honor.

"The Court: In other words, a plea?

"Mr. Judd: Yes, your Honor.

"Mr. Fitzgerald: We expect that there will be a plea, your Honor.

"The Court: We have a jury here now. I am not going to excuse the jury, they have been here all morning, and send them home.

"Mr. Fitzgerald: We would waive a jury at this time. We anticipate the People will file an amended indictment.

"Mr. Judd: That is correct.

"Mr. Fitzgerald: To which the defendant will plead.

"The Court: And as to Ramirez: Are you Joe Velos Ramirez?

"Defendant Ramirez: Yes, sir.

"The Court: Are you the defendant that is named in Case No. 26999?

"Defendant Ramirez: Yes sir.

"Mr. Neiter: Your Honor, at this time the defendant Joe Velos Ramirez would like to ask permission of the court to withdraw his plea of not guilty to Count One of the indictment and plead guilty to that count.

"The Court: Mr. Ramirez, do you understand the statement of your counsel?

"Defendant Ramirez: Yes, sir.

"The Court: Is that your desire?

"Defendant Ramirez: Yes, sir.

"The Court: Ascertain the defendant's plea.

"The Clerk: Do you waive reading of the indictment?

"Mr. Neiter: Waive reading of the indictment.

"The Clerk: What is your plea to Count One of the indictment?

"Defendant Ramirez: Guilty.

"The Clerk: Offers a plea of guilty, your Honor.

"The Court: As to the Mendoza matter, the order setting it for trial today will be vacated, and the matter will be continued to September 8th.

"Mr. Judd: That will be fine, your Honor.

"The Court: September 8th at 10:00 A.M. for setting.

"Mr. Judd: Fine. We expect the matter to be disposed of prior to that time, your Honor.

"The Court: Very well, the defendant Mendoza will stand aside.

"Mr. Marchian and Mr. Ramirez, as I ask you this series of questions, each of you will answer audibly 'Yes' or 'No.'

"And, by the way, there is no need for the jury to stay around any more now. I am very sorry you have been imposed upon so long. You are excused for good. Thank you all very much for your services during the term.

"Now each of you will please answer these questions with a 'Yes' or 'No' audibly as I ask them of you.

"Have each of you told your counsel all of the facts and circumstances in connection with and surrounding all of the transactions set forth in this indictment No. 26999?

"Defendant Ramirez: Yes, sir.

"Defendant Marchian: Yes, sir.

"The Court: Has your counsel told you of your rights and privileges under the law?

"Defendant Ramirez: Yes, sir.

"Defendant Marchian: Yes, sir.

"The Court: Have they told you the total minimum which this court must impose and the maximum punishment which it may impose in the event your plea of guilty to Count One is accepted, Mr. Marchian?

"Defendant Marchian: Yes, sir.

"The Court: Mr. Ramirez?

"Defendant Ramirez: Yes, sir.

"The Court: What is it, Mr. Marchian, the minimum and the maximum?

"Defendant Marchian: No less than five and no more than twenty years and $20,000 fine.

"The Court: Mr. Ramirez, what is the minimum that I must sentence you to?

"Defendant Ramirez: From five to—

"The Court: Five years minimum and the maximum that you can be sentenced is—

"Defendant Ramirez: Twenty

"The Court: —and $20,000 fine?

"Defendant Ramirez: Yes, sir.

"The Court: Are either of you making your plea of guilty because of the use of physical force, or the threat to do so, upon or against you or any member of your family by any person whomsoever, Mr. Marchian?

"Defendant Marchian: No.

"The Court: Mr. Ramirez?

"Defendant Ramirez: No.

"The Court: Are either of you making your plea of guilty because you stand in fear for your physical safety or for the physical safety of any member of your family from any person whomsoever, Mr. Marchian?

"Defendant Marchian: No.

"The Court: Mr. Ramirez?

"Defendant Ramirez: No.

"The Court: Are either of you making your plea of guilty because of any promise of any kind or nature?

"Defendant Ramirez: No.

"Defendant Marchian: No.

"The Court: Given by any person whomsoever?

"Defendant Marchian: No.

"Defendant Ramirez: No.

"The Court: Are either of you making your plea of guilty because you have an understanding or because you think that just because you are pleading guilty this court will give you any other or different sentence than if you were tried and found guilty, Mr. Marchian?

"Defendant Marchian: No.

"The Court: Mr. Ramirez?

"Defendant Ramirez: No.

"The Court: Is your plea of guilty entirely free and voluntary, Mr. Marchian?

"Defendant Marchian: Yes, sir.

"The Court: Mr. Ramirez?

"Defendant Ramirez: Yes, sir.

"The Court: Have both of you understood the questions which I have put to you?

"Defendant Marchian: Yes, sir.

"Defendant Ramirez: Yes, sir.

"The Court: And these proceedings?

"Defendant Marchian: Yes, sir.

"Defendant Ramirez: Yes, sir.

"The Court: Very well.

"It is your intention to dispose of the remaining counts as to these two defendants by other than trial?

"Mr. Judd: It is, your Honor.

"The Court: The plea of guilty to Count One on each of these defendants is accepted. The matter of sentence is continued to and set for September 15th at 2:00 P.M., and all further proceedings. The matter is referred to the probation department in the meanwhile for pre-sentence investigation and report. While these defendants are not eligible for probation, we nevertheless desire to have such information concerning their background and family as may aid the court in imposing the sentence.

"The defendants will stand aside."

On September 12, 1958, the date of sentence was continued from September 15th to September 16, 1958, on motion of defendant Ramirez.

On September 16, 1958, the defendant Ramirez was sentenced to fifteen (15) years on Count I, and Count V was dismissed.

The original Petition under Section 2255 of Title 28 U.S.Code, was verified and was in propria persona. Several proper documents, of whatever nature they may be called, obviously prepared by "jail-house lawyers," have since been filed, although defendant has been represented in these proceedings by counsel of his own choosing, Mr. Bradford A. Arthur, Esq., whose designation was signed by both Petitioner and Arthur, and filed August 14, 1959.

The sole ground upon which petitioner seeks to invalidate the proceedings is that he was "maliciously coerced into entering a guilty plea contrary to the laws and constitution of the United States of America." [1]

1. "Your Petitioner was without funds to obtain counsel and was appointed a counsel by the Court, Mr. Gerald Neiter. Mr. Gerald Neiter informed your Petitioner that it was best for Petitioner to enter a plea of guilty on the Count charged in the indictment. Your Petitioner told the defending counsel that he

The Petition thus alleges questions of fact, of a most serious nature, concerning the character and fitness of a member of the bar, a charge which is becoming so common among those convicted and sentenced for crimes as to make a mockery and a shambles of Section 2255 of Title 28 U.S.Code, and the great purpose it was supposed to serve, and constitute, instead, a means to harass not only prosecutors and judges—who cannot and should not complain of any proceeding, or any number of them, which are brought by litigants—but more importantly, members of the bar who are forced to appear and be put on trial concerning their personal and professional integrity. And this is so whether the member of the bar has been chosen by the defendant and paid, or appointed by the Court and not paid.

The matter was set down for hearing on August 14, 1959, and the Petitioner was brought here from McNeil Island Penitentiary. Petitioner testified at the hearing, as did Mr. Neiter, Mr. Judd (Assistant United States Attorney), Ester Arellanes (Petitioner's sister), and Mr. Gutman, the Probation Officer who interviewed Petitioner.

In view of the sharp conflict of testimony at the hearing, I indicated to counsel that it would be helpful to the Court to have a copy of the transcript. Mr. Arthur stated he would secure one, but he did not order it from the Court Reporter until May or June, 1960, and it was received and filed June 15, 1960, which accounts for the delay in the disposition of this matter since the hearing in August, 1959.

The substance of Petitioner's charges are that he was (1) coerced by his counsel, and (2) that his counsel was incompetent and his representation of Petitioner was inadequate.

One of the exhibits offered at the hearing was the file maintained by Mr. Neiter on this case. He testified that some of his handwritten notes had been thrown away, but there remained 33 pages of foolscap handwritten notes and four pages of typewritten notes made by him during the course of interviewing the defendant and other witnesses and in researching the law involved.

The notes and conduct of Mr. Neiter indicate that he possessed and applied to this case a high degree of skill, competence and industry. His representation of Petitioner was of the highest order in all respects, unless, as petitioner claims, he induced Petitioner to plead guilty on Count I on the representation that he would be sentenced to only five years, with the implied threat that if he went to trial on both counts, he would get 40 years.

I find, as a matter of fact, that the contentions of the Petitioner are wholly false and that his plea of guilty was voluntarily entered with a full and complete understanding of his rights and of the possible consequences, and without the slightest indication of coercion or impropriety of any kind on the part of Mr. Neiter.

---

(Petitioner) would like to have a jury trial. However, Mr. Gerald Neiter informed your Petitioner that if Petitioner would try to get a jury trial that the U. S. District Attorney had advised counsel that if Petitioner was to ask for a jury trial he would press another count on Petitioner and if found guilty he would receive a sentence of forty (40) years on each count. On the other hand, the defense counsel promised Petitioner a sentence of five (5) years if Petitioner entered a plea of guilty. Petitioner had no alternative but to plead guilty and get the five (5) year sentence. Upon Petitioner's plea of guilty the Court sentenced Petitioner to a period of fifteen

(15) years imprisonment. The Honorable Court will please note that Petitioner is not alleging whether or not the defense counsel was a Government decoy. The Petitioner is merely bringing to the attention of the Court the unjustified services of counsel appointed by the Court, and the great harm he has brought your Petitioner, and this sentence is in effect void and illegal. It is with this respect your Petitioner prays this Honorable Court will regard the injustice done in this case and the Honorable Court should vacate and correct the sentence for the matters herein submitted."

The long and the short of it is that, as often happens, with the witnesses present and the jury present, the defendant, rather than face trial on two counts involving a total of 18 pounds of marihuana, with a possible maximum sentence of 40 years, chose to plead guilty to the Count involving the lesser quantity of marihuana, with a possible maximum sentence of twenty years.

It is obvious that Petitioner's real complaint is not the invalidity of the sentence, but the severity of it, especially in view of the fact, not only that he pleaded guilty to Count I, but that he admitted to the Probation Officer his guilt as to the possession and ownership of the 12 pounds of marihuana involved in Count V, which, as indicated, was dismissed after sentence on Count I.

The motion will be denied upon the signing of a Judgment and Findings and Conclusions which will be prepared by the United States Attorney.

In view of the seriousness of the charges made by Petitioner under oath, both in his Petition and at the hearing on August 14, 1959, the entire matter is referred to the United States Attorney for presentment to the Grand Jury on the crime of perjury by Petitioner.